In the Matter of the Trusteeship under the Emil C. KISCHEL Trust Created by the Last Will and Testament of Emil C. Kischel, Deceased.

No. 50855.

Supreme Court of Minnesota.

Oct. 24, 1980.

Rehearing Denied Jan. 21, 1981.

Rider, Bennett, Egan & Arundel, Larry R. Henneman and Deborah Z. McNally, Minneapolis, for appellant.

Scholle & Scholle and Leslie C. Scholle, Minneapolis, for Lillian Kathleen Barnes.

Lindquist & Vennum and John A. Forrest, Minneapolis, for Kevin M. Barnes.

Howard McRoberts and Patrick Murray, Minneapolis, for Trustees.

SCOTT, Justice.

This is an appeal from an order and judgment of the Hennepin County District Court construing the terms of a trust created by the last will and testament of Emil C. Kischel. We reverse.

The parties stipulated to all material facts. The pertinent portions of the stipulation are as follows:

IT IS HEREBY STIPULATED AND AGREED, by the parties hereto that the following statements of fact and attached copies of documents are true, correct and genuine and may be used by this Court in this proceeding.

IT IS HEREBY FURTHER STIPULATED AND AGREED, that all records and documents on file with this Court with respect to this proceeding may be used as evidence in this proceeding.

1. Emil C. Kischel died testate on September 26, 1949 and was survived by his two daughters, Madelon K. Dewey (a/k/a Madelon K. Howell) and Florence K. Lankester.

2. Madelon K. Howell was born on January 24, 1899.

3. Florence K. Lankester was born on August 23, 1897 and died on May 12, 1971.

4. Emil C. Kischel's Will, dated June 27, 1944, a copy of which is attached hereto, created a testamentary trust the income of which was to be paid to Emil C. Kischel's two daughters during their lives.

\* \* \* \* \* \*

6. As of May 12, 1971 the trustees have divided the principal of the Emil C. Kischel Trust into two separate funds, pursuant to Section 8 of the Will of Emil C. Kischel, and have designated said funds Emil C. Kischel Trust 12955 and Emil C. Kischel Trust 12955.1, which division was approved by Order dated November 21, 1973.

7. The current beneficiary of the Emil C. Kischel Trust 12955 is Madelon K. Howell and the current beneficiary of the Emil C. Kischel Trust 12955.1 is Barbara Lankester.

8. Barbara Lankester, born on December 31, 1918, is the only child of Florence K. Lankester.

9. Kischel Miller Barnes was the only child of Madelon K. Howell.

10. Kischel Miller Barnes was born on November 11, 1928 and died testate on February 25, 1976.

11. The Will of Kischel Miller Barnes, a copy of which is attached hereto, was executed on March 12, 1971 and probated in North Carolina.

12. Madelon V. Barnes is the surviving daughter of Kischel Miller Barnes.

13. Kevin M. Barnes is the surviving son of Kischel Miller Barnes. Kevin M. Barnes was born March 30, 1965, and now resides with his mother, Lillian Kathleen Barnes, at 4308 Gretna Green Court, Las Vegas, Nevada 89101. John A. Forrest has been appointed as guardian ad litem for Kevin M. Barnes by order of this Court to represent the interests of Kevin M. Barnes in this proceeding.

14. Lillian Kathleen Barnes is the surviving spouse of Kischel Miller Barnes, the mother of Kevin M. Barnes and the step-mother of Madelon V. Barnes. Lillian Kathleen Barnes and Kischel Miller Barnes were married July 27, 1963 in the State of California.

[Signatures of Parties]

It is only trust 12955 (hereinafter the Howell share) which is involved in this proceeding.

Section 8(c) of Emil C. Kischel's will governs the distribution of the Howell share upon the death of Madelon K. Howell (nee Dewey). Section 8(c) provides as follows:

Upon the decease of said MADELON K. DEWEY, one–half (½) of the principal of said EMIL C. KISCHEL TRUST, or all thereof if my daughter, Florence K. Lankester, shall have predeceased her leaving no issue surviving her, shall be distributed equally among her children, the issue of any deceased child to receive, by right of representation, the share which his, her or their ancestor would have been entitled to receive if living; provided, however, that the share of her son, KISCHEL MILLER BARNES, shall remain in trust and only the income paid to him during the remainder of his lifetime, excepting that, if he desires to do so, said KISCHEL MILLER BARNES may withdraw one–fourth (¼) of his share of the principal when he attains the age of twenty–five (25) years, and another one–fourth (¼) when he attains the age of thirty (30) years and the remainder of his share when he attains the age of forty (40) years. In case of the decease of said KISCHEL MILLER BARNES before receiving all the properties herein provided to be held for him, the remainder of his share shall, upon his decease, be distributed as he shall appoint and direct by his Last Will and Testament, and in the absence of such appointment, then to his heirs–at–law, determined in accordance with the laws of the State of Minnesota, then in force.

In case my said daughter, MADELON K. DEWEY, should die leaving no issue surviving her, then the entire net income shall be paid in installments as aforesaid to my daughter, FLORENCE K. LANKESTER, and upon her death the entire principal shall be distributed as in paragraph (b) hereof provided.

The fact that Kischel Miller Barnes predeceased Madelon K. Howell gives rise to the present litigation regarding section 8(c). The trial court held that upon Emil C. Kischel's death Barnes had a vested future interest in the trust and that section 8(c) gave him a power of appointment over the trust. The court further found that Barnes validly exercised the power of appointment.

Appellant argues that Barnes' interest in the trust could not vest until the death of Madelon K. Howell. Appellant also argues that the power of appointment is only exercisable after the death of Madelon K. Howell. Appellant, Madelon V. Barnes, argues that she and her brother, Kevin M. Barnes, are entitled to the Howell share on the death of Madelon K. Howell. Respondent, Lillian Kathleen Barnes, Barnes' widow and the mother of Kevin M. Barnes, argues that she is entitled to the Howell share on the death of Madelon K. Howell, pursuant to Barnes' exercise of his testamentary power of appointment. Kevin M. Barnes agrees with the appellant through his guardian ad litem.

At issue is whether Kischel M. Barnes, the testator's grandson, had either a vested interest in the trust or possessed a vested power of appointment to dispose of the trust proceeds. As to the first of these questions, appellant argues that Kischel M. Barnes' interest in the trust was contingent on survivorship. In issue is the construction of the following will provisions:

Upon the decease of said Madelon K. Dewey * * * [the trust] shall be distributed equally among her children, the *issue of any deceased children* to receive by right of representation, the share which his, her, or their ancestor would have been entitled to receive *if living* * * *.

and

In case my said daughter, MADELON K. DEWEY, *should die leaving no issue surviving her*, then the entire net income shall be paid in installments as aforesaid to my daughter, FLORENCE K. LANKESTER, and upon her death the entire principal shall be distributed as in paragraph (b) hereof provided.

(Emphasis added.)

■ Minnesota favors the vesting of estates unless the interest is manifestly con-

tingent.[1] *In re Trust Under Will of Schultz*, 215 Minn. 313, 9 N.W.2d 773 (1943). Respondent argues that the will does not expressly make survival a condition precedent and therefore the presumption in favor of vesting requires that the remainder be vested. However, the presumption in favor of vesting is only a rule of construction and is secondary to the plain language of the instrument. *In re Hencke's Estate*, 220 Minn. 414, 19 N.W.2d 718 (1945); *In re Trust Under Will of Schultz, supra.*

 If Barnes' interest were vested, as respondent argues, then his interest would have descended by his will. On the other hand, if Barnes' interest were contingent on survivorship, as appellant argues, then the interest of Barnes would have been extinguished by his death and he therefore would have had nothing to devise. Our primary concern is to give effect to the testator's intent as expressed in the plain language of the will. *Levings v. First National Bank and Trust Co.*, 192 Minn. 143, 225 N.W. 828 (1934). It is clear that Emil C. Kischel did not intend to give his grandson any interest in the trust property unless he survived his mother. Section 8(c) of the will specifically indicates that the issue of Barnes are to take his share if he predeceases Madelon K. Howell. In addition, that section provides that if Madelon K. Howell were to die without surviving issue, her share would go to Florence K. Lankester.

A holding that Barnes' interest was vested would ignore the will provisions dealing with the issue of deceased grandchildren and the possible death of Madelon K. Howell without issue. It is the creation of these alternative or substitutionary beneficiaries that indicates the intent not to create a vested remainder.[2] *First and American National Bank of Duluth v. Higgins*, 208 Minn. 295, 312, 293 N.W. 585, 595 (1940).

The other issue is whether the language of the will confers upon Barnes a vested power of appointment over the Howell share. Section 8(c) of the will provides that if Barnes were to die before receiving "all of the properties *held for him*, the remainder of *his share* shall upon his decease, be distributed as he shall appoint." (Emphasis added.)

 When this provision is read in isolation, it appears to confer upon Barnes a vested power of appointment over the entire Howell share. However, in construing a will we cannot give effect to provisions in isolation; we must read the will as a whole and, if possible, give effect to every provision. *In re Crosby's Will*, 224 Minn. 173, 28 N.W.2d 175 (1947). When we read the above–quoted provision in the context of section 8(c) of the will, it is apparent that the power of appointment is only exercisable after the death of Madelon K. Howell, and then only over that portion of the trust which would go to Barnes. Construing the will in this manner gives effect to the class gift, the grant of the power of appointment, and the will provisions dealing with substitute beneficiaries.[3]

---

1. Minn.Stat. § 500.12 (1978) provides that "[f]uture estates are either vested or contingent. They are contingent while the person to whom, or the event upon which, they are limited to take effect remains uncertain."

2. For purposes of this opinion it is unnecessary for us to distinguish between estates which are contingent and those which are vested subject to complete divestment. In either case, Barnes' interest would be extinguished if he predeceased Madelon K. Howell.

3. The will provision providing for the trust proceeds to be "distributed equally among her children" creates a class gift. During the lifetime of Madelon K. Howell the class remains open. It is at least theoretically possible for other members to be added to the class after Barnes' death. Had Madelon K. Howell predeceased Barnes, then the class would have closed at the time of her death, the entire Howell share would have been held by him, and his exercise of the power of appointment would have been valid.

Reversed and remanded with instructions to enter judgment in favor of appellant.[4]

---

**4.** The standard of review of findings based on documentary evidence permits this court on appeal to substitute its own reading of the will for that of the trial court. *In re Trust Known as Great Northern Iron Ore Properties*, 263 N.W.2d 610 (Minn.1978), *cert. denied*, 439 U.S. 835, 99 S.Ct. 116, 58 L.Ed.2d 130 (1978), *noted in* 5 Wm. Mitchell L. Rev. 541 (1979); *In re Trust Known as Great Northern Iron Ore Properties*, 308 Minn. 221, 243 N.W.2d 302, *cert. denied, sub nom. Arms v. Watson*, 429 U.S. 1001, 97 S.Ct. 530, 50 L.Ed.2d 612 (1976).